IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN FLETCHER,<br><br>            Plaintiff,<br><br>     v.<br><br>DEPARTMENT OF STATE HOSPITALS COALINGA, et al.,<br><br>            Defendants. | No.  2:23-CV-0488-TLN-DMC-P<br><br>FINDINGS AND RECOMMENDATIONS |

   Plaintiff, who is proceeding pro se, brings this civil action. Pending before the Court is Defendants' motion to dismiss, ECF No. 11, Plaintiff's opposition thereto, ECF No. 12, and Defendants' reply, ECF No. 14. Also before the Court is Defendants' requests for judicial notice, ECF Nos. 11-2 and 13.

   In considering a motion to dismiss, the Court must accept all allegations of material fact in the complaint as true. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). The Court must also construe the alleged facts in the light most favorable to Plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, legally conclusory statements, not supported by actual factual allegations,

1

need not be accepted. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009).  In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).  A motion to dismiss should be granted if it appears to a certainty that Plaintiff would be entitled to no relief under any facts which could be proven.  See Alonzo v. AFC Property Management, Inc., 643 F. 2d 578, 579 (9th Cir. 1981).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555-56.  The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief." Id. (quoting Twombly, 550 U.S. at 557).

In deciding a Rule 12(b)(6) motion, the Court generally may not consider materials outside the complaint and pleadings.  See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994).  The Court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice. See Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir.

2

1994).

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff Allan Fletcher initiated this action with a complaint filed on January 30, 2023. See ECF No. 1 at 2. Plaintiff names the following Defendants: (1) State of California, (2) Department of State Hospitals, (3) Wendy Luna, and (4) Roxanne Gonzalez. See id. Plaintiff alleges that he is a civil detainee held at the Department of State Hospitals at Coalinga. Id. Plaintiff filed a Government Claim in September 2021. See id. at 4. Plaintiff's Government claim was denied on March 29, 2022, and he has exhausted all available remedies under California's Tort Claims Act. See ECF No. 11, Exh. 1 at 2.

Plaintiff alleges that on July 28, 2021, Defendant Gonzalez emailed an employee at the Department of State Hospitals in Coalinga for a patient roster. See id. 9. The patient roster contained Plaintiff's health and confidential information that he never authorized to be released, improperly disclosing Plaintiff's private information. See id. Plaintiff alleges he was one of approximately 1,700 patients affected by this breach. See id. Plaintiff's action is based on Defendants' violations of California Civil Code Section 56.35 and 1798. See id. at 4. Plaintiff claims the Defendants owe $6,500 for this violation. See id. at 3. Plaintiff claims Defendant has admitted to the breach and failed to compensate Plaintiff. See id. at 9.

## II. DISCUSSION

In their motion to dismiss, Defendants argue that the complaint should be dismissed because Plaintiff's complaint is time-barred as he did not file suit within six months of his government claim being denied. See ECF No. 11, Exh. 1 at 2. The Court agrees. A complaint against a public entity must be commenced within six months of written notice of the rejection of the claim. See Cal. Gov. Code Section 945.6(a)(1). Here, Plaintiff filed a government claim in September 2021 which was rejected on March 29, 2022. See ECF No. 11, Exh. 1 at 2. Plaintiff filed this action on January 30, 2023, past the six-month deadline. See ECF No. 1 at 2. Plaintiff's deadline for a timely filing was August 29, 2022. However, he filed suit on

January 30, 2023, nine months after the claim was rejected.  See ECF No. 11, Exh. 1 at 2.  As a result, Plaintiff's suit is time-barred under Government Code section 945.3.  See J.M. v. Huntington Beach Union High School District, 2 Cal.5th 648, 654 (2017).

### III.  CONCLUSION

Based on the foregoing, the undersigned recommends as follows:

1. Defendants' requests for judicial notice, ECF Nos. 11-2 and 13, be GRANTED.
2. Defendants' motion to dismiss, ECF No. 11, be GRANTED.
3. This action be DISMISSED as time-barred.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  October 18, 2023

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE